This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41403**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**CHEYENNE FRANCISCO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Lee Green, Assistant Solicitor General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief

in chief, answer brief, and the State's notice of intent not to file a reply brief, we reverse for the following reasons.

**{2}** The State appeals from the district court's order dismissing child abuse by endangerment (Count1), pursuant to NMSA 1978, Section 30-6-1(D)(1) (2009). [BIC PDF 6; RP 44] That order applied the general/specific statutory rule to support the district court's dismissal of the felony child abuse charge in lieu of one misdemeanor count of driving while intoxicated with a minor in the vehicle, pursuant to NMSA 1978, Section 66-8-102.5 (2019). [RP 44-46] Interpretation of a statute is a question of law, which an appellate court reviews de novo. *State v. Cleve*, 1999-NMSC-017, ¶ 7, 127 N.M. 240, 980 P.2d 23.

**{3}** Shortly after the district court's dismissal, this Court addressed whether the general/specific rule applied to bar prosecution of felony child abuse when the facts of the alleged incident could also support a charge of driving while intoxicated with a minor in the vehicle in *State v. Saltwater*, 2024-NMCA-018, 542 P.3d 783, *cert denied* (S-1-SC-40116, Jan. 16, 2024). There, this Court first explained that "[t]he general/specific statute rule requires in relevant part that where a statute addresses a subject in general terms and another statute addresses the same subject in a more detailed manner, the latter will control to the extent they conflict." *Id.* ¶ 5. After engaging in a lengthy analysis of the legislative intent of the two statutes, this Court determined that "[t]he general/specific statute rule is inapplicable and does not require a prosecutor to charge DWI with a minor instead of child abuse by endangerment when the facts support both charges." *Id.* ¶ 1.

**{4}** Upon review, it appears that the alleged facts could support prosecution of both charges of felony child abuse and driving while intoxicated with a minor. The State alleges that Defendant was driving her vehicle when she ran a red light and was pulled over by law enforcement. [BIC 1-2] At the time, Defendant's four-year-old son was allegedly in the front passenger seat and was not wearing a seatbelt. [BIC 1] During a DWI investigation, officers observed signs of intoxication in Defendant, including bloodshot and watery eyes, slurred speech, difficulties in exiting the vehicle and walking towards the officers, poor performance on the standardized field sobriety tests, and was uncooperative with officers when they placed her under arrest. [BIC 2] Defendant further admitted to consuming alcohol before driving and later refused to provide a breath sample. [BIC 2] These alleged facts could support prosecution of either or both of the charges sought by the State. *See* § 30-6-1(D)(1) (stating that "[a]buse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: placed in a situation that may endanger the child's life or health"); § 66-8-102.5 (stating that "[d]riving while intoxicated with a minor in the vehicle consists of a person committing a violation of [NMSA 1978,] Section 66-8-102 [(2016)] when a minor is in the vehicle and when the minor does not suffer great bodily harm or death"). Additionally, Defendant's answer brief concedes that *Saltwater* is dispositive of this interlocutory appeal. [AB 2-3] Therefore, we conclude that the district court erred in dismissing the felony child abuse charge.

**{5}** For these reasons, we reverse the district court's order dismissing Count 1 and remand for further proceedings consistent with this opinion.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**